E-FILED
Friday, 29 May, 2020  09:48:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARON ANTHONY WASHINGTON,   )
   Plaintiff,                 )
                       )
vs.                   )     No. 20-1007
                       )
JOANNE WILLET, et. al.,     )
   Defendants.        )

MERIT REVIEW ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [4].

The *pro se* Plaintiff's initial filing was a handwritten document which was filed as a complaint pursuant to 42 U.S.C. §1983. [1].  Since it was unclear whether the Plaintiff intended to file a complaint, he was given additional time to clarify the record. *See* February 7, 2020 Text Order.

If Plaintiff did intend to open a lawsuit, he was directed to file an amended complaint more clearly stating his claims and either pay the filing fee in full or filing a motion for leave to proceed *in forma paupers* (IFP).  On the same day, Plaintiff filed his motion for leave to amend and IFP motion. [4, 5].

Plaintiff's motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [4]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff again chose not to use a standard complaint form and his 73-page, handwritten document is somewhat difficult to follow.  Plaintiff does not list his claims in chronological order and he repeats his allegations.  In addition, Plaintiff randomly inserts irrelevant information concerning his attempts to contact St. Joseph's Medical Center apparently to inform them of his lawsuit.

Nonetheless, Plaintiff's claims clearly center on his arrest for Driving Under the Influence (DUI) on March 10, 2018. Plaintiff has identified five Defendants including Nurse Joanne Willett, Police Officer Jacob Law, St. Joseph's Medical Center, Bloomington Police Department, and the State of Illinois. (Amd. Comp., p. 4).

Plaintiff claims he was sleeping in the back seat of an SUV he had rented when Defendant Officer Jacob Law opened the vehicle door sometime during the evening of March 10, 2018. (Amd. Comp., p. 24).  Plaintiff notes Defendant Law inaccurately reported Plaintiff was in the front seat with the SUV keys in his pocket. (Amd. Comp., p. 33).

The officer explained he had been called to the parking lot after a report of an individual looking into vehicles.  Defendant Law asked Plaintiff for his drivers' license and insurance card which Plaintiff provided.

Plaintiff says Defendant Law noticed an unopened bottle of beer and asked Plaintiff if he had been drinking.  Plaintiff said he had been drinking at a nearby apartment, then came to his vehicle to sleep.  Officer Law asked Plaintiff to submit to a

DUI test, but Plaintiff refused noting he had not been driving and the car was in a private parking lot.

Plaintiff was taken into custody and escorted to St. Joseph's Hospital. Plaintiff then refused Nurse Willett's attempts to take blood and urine samples. When Plaintiff said he would not give his permission, the nurse left the room.

Instead, Defendant Officer Law obtained a search warrant from a state court Judge from the Eleventh Judicial Circuit. Plaintiff asked to speak with the judge, but his request was ignored. Plaintiff also says he repeatedly told Defendants Law and Willet that he wanted to speak with an attorney, but again his requests were ignored.

Pursuant to the warrant, Defendant Nurse Willet told Plaintiff she had to proceed and took Plaintiff's blood and urine samples despite his continued protest.

Plaintiff says his lawsuit is based on medical malpractice, negligence, misconduct, psychological coercion, seizure of property, and invasion of privacy. (Amd. Comp., p. 3, p. 61). Plaintiff is requesting two million dollars in damages.

Plaintiff does not state what ultimately happened with his DUI charge. However, Plaintiff's complaint refers to "[r]elated pending cases" in McClean County by case number. (Amd. Comp, p. 69). To clarify the record, the Court viewed McLean County's Public Access Search System which lists five pending cases for Plaintiff with the same case numbers provided by Plaintiff.[1]

---

[1] See McLean County Public Access,
https://webapp.mcleancountyil.gov/webapps/PublicAccess/PubAC_SearchCriminal.aspx (last visited May 27, 2020)

On March 12, 2018, Plaintiff was charged in 2018 DT 159 with two counts of driving under the influence of alcohol.  Both charges are still pending and set for hearing on June 15, 2020.   This case is clearly related to the arrest described in Plaintiff's complaint.

Plaintiff has three other cases which were all filed on November 13, 2018 including 2018 CF 1177, 2018 DT 662, and 2018 TR 20357.  Plaintiff is charged with Driving Under the Influence of Alcohol, Aggravated Felony DUI, and Improper Use of Registration/Title.  Each is set for a hearing on June 5, 2020.

Finally, Plaintiff has a case which was filed on June 5, 2018, alleging aggravated, felony DUI and no proof of insurance. *See* 2018 CF 572. This case is also set for hearing on June 5, 2020.  It is not clear how any of these cases is related to the events of March 10, 2018, and Plaintiff offers no explanation.

Plaintiff's complaint focuses on taking his blood and urine samples without his permission and denying him the opportunity to speak with an attorney.  However, neither alleges a constitutional violation.  For instance, taking the samples from Plaintiff did not violate his Fourth Amendment rights or his privacy rights since Plaintiff admits they were taken pursuant to a warrant. *See Missouri v. McNeely,* 133 S.Ct. 1552, 1563 (2013); *Luse v. Wisconsin*, 2014 WL 2765810, at *2 (W.D.Wis. June 18, 2014).

In addition, Plaintiff did not have a Sixth Amendment right to counsel immediately after he was taken into custody. *See Watson v. Hulick,* 481 F.3d 537, 542 (7th Cir. 2007)(custodial interrogation prior to charging is not Sixth Amendment violation). Instead, a "criminal defendant's initial appearance before a judicial officer… marks the

start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." *Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 213 (2008).

Plaintiff also claims Defendant Officer Law made a "false arrest" presumably based on a stop without probable cause. (Amd. Comp., p. 13, 67). Plaintiff says he was not in the front seat at the time of the stop, he did not have control of the vehicle, and he was not driving. Taking the allegations in the light most favorable to Plaintiff, he has articulated a Fourth Amendment claim. Since it appears the criminal charges are still pending, Plaintiff's allegations are not barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Plaintiff has failed to articulate an official capacity claim or any other claim against Defendants St. Joseph Medical Center and the Bloomington Police Department. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

The remainder of Plaintiff's allegations are state law claims. However, Plaintiff has again failed to articulate a basis for a medical malpractice or negligence claim. Plaintiff admits the Defendant Nurse did not take his blood or urine samples until after a warrant was obtained.

Plaintiff may proceed with his Fourth Amendment false arrest claim against Defendant Law. Once the Defendant has been served the Court will consider whether this case should be stayed pending the outcome of the state court criminal proceedings since Plaintiff's claims appear to challenge the validity of those charges. *See i.e. Shelton v Madigan,* 2007 WL3342681 at *6 (N.D. Ill. Nov. 6, 2007).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the

Court finds the Plaintiff alleges Defendant Police Officer Law violated Plaintiff's

Fourth Amendment rights based on an arrest without probable cause on March

10, 2018. The claim is stated against the Defendant in his individual capacities

only. Any additional claims shall not be included in the case, except at the

Court's discretion on motion by a party for good cause shown or pursuant to

Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until

counsel has appeared for Defendant before filing any motions, in order to give

Defendant notice and an opportunity to respond to those motions.  Motions filed

before Defendant's counsel has filed an appearance will generally be denied as

premature.  Plaintiff need not submit any evidence to the Court at this time, unless

otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver

of service.  Defendant has 60 days from service to file an Answer.  If Defendant

has not filed an Answer or appeared through counsel within 90 days of the entry

of this order, Plaintiff may file a motion requesting the status of service.  After

Defendant has been served, the Court will enter an order setting discovery and

dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by

Plaintiff, the entity for whom that Defendant worked while at that address shall

provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [4]; 2) Dismiss Defendants Joanne Willet, St. Joseph Medical Center, and the Bloomington Police Department for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt service on Defendant pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of May, 2020.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE